WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley W. Bennett, individually and as husband; Donna Bennett, individually and as wife,<br><br>Plaintiffs,<br><br>v.<br><br>Pratt Regional Medical Center Corporation, a Kansas corporation; Banner Health, an Arizona corporation; et al.,<br><br>Defendants. | No. CV-13-00380-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendants Pratt Regional Medical Center Corporation, Pratt Internal Medicine Group, P.A., United Radiology Group, Chartered, Daniel J. Suiter, M.D., and William R. Allen, Jr., M.D., collectively the "Kansas Defendants." (Doc. 65.) For the following reasons, the Court grants the motion.

**BACKGROUND**

Bradley W. Bennett and his wife Donna, collectively "Plaintiffs," who are residents of Minnesota, bring this medical malpractice claim against health care providers from both Arizona and Kansas. (Doc. 11 (Am.Compl.) ¶ 3.)   Mr. Bennett was "presented to the emergency department at Defendant Pratt Regional Medical Center, [in Pratt, Kansas] following an automobile collision." (Doc. 11 ¶ 80(A).)   Mr. Bennett was treated by Defendant Randy J. Suiter, M.D. (Doc. 11 ¶ 80(A)), while William R. Allen,

M.D. read radiology reports regarding his case (Doc. 11 ¶ 80(B)). Mr. Bennett later sought and was given treatment in Arizona. (Doc. 11 ¶ 80(C).) Plaintiffs allege that as a result of the negligence of Defendants that "Plaintiff Bradley W. Bennett sustained permanent injuries, which resulted in permanent paralysis." (Id. at ¶ 82.) Plaintiffs filed suit in Arizona against his health care providers from both Kansas and Arizona seeking damages relating to the alleged negligent medical treatment and subsequent injuries. (Doc. 11.) The Kansas Defendants move to be dismissed from the case for lack of personal jurisdiction. (Doc. 65.)

**DISCUSSION**

**I.   Legal Standard**

"The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Systems Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)); *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir.1984), *cert. denied,* 470 U.S. 1005 (1985). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Id.* (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). "The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a nonresident defendant." *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)); *Data Disc*, 557 F.2d at 1284 (citing *Taylor*, 383 F.2d at 639).

To establish a prima facie case for personal jurisdiction, the plaintiff has the burden of showing that: (1) the forum state's long-arm statute confers jurisdiction over the nonresident defendant; and (2) the exercise of jurisdiction comports with principles of due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir.1995). Arizona's long-arm statute confers jurisdiction to the maximum extent allowed by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P.

4.2(a); *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir.1997). Due process requires a nonresident defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted). There are two types of personal jurisdiction, general and specific. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 n. 5, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Plaintiffs only argue that this Court has specific jurisdiction over the Kansas Defendants. (Doc. 74 at 2.)

Specific jurisdiction is analyzed under a three-pronged test: "(1) [t]he non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011) *cert. denied,* 132 S.Ct. 1101 (2012)(emphasis in original).

**II.    Analysis**

The Kansas Defendants have produced affidavits attesting to their complete lack of contacts, general or specific, with Arizona. According to its affidavit, Pratt Regional Medical Center ("PRMC") is a not-for-profit facility owned by the citizens of Pratt County, Kansas. (Doc. 65-1 at 1.) It treats its patients and performs its business exclusively in the State of Kansas. (Id.) PRMC avows that it has never engaged in direct advertising or marketing in Arizona, had any employees or agents in Arizona, or maintained any office, branch, facility, or clinic in Arizona. (Doc. 65-1 at 1-2.) Prior to this suit, PRMC claims that it has never been sued in or sued in Arizona. (Doc. 65-1 at 2.) Similarly, Pratt Internal Medicine Group, P.A. is a Kansas Professional Association that, according to its own affidavit, has the same complete lack of connection to Arizona.

(Doc. 65-2.)   United Radiology Group, Chartered is a Kansas Professional Association that also claims the same lack of connection to Arizona. (Doc. 75-1.)

Likewise, the individual Kansas Defendants, Daniel J. Suiter, M.D. and William R. Allen, Jr., M.D., attest that they are both medical doctors and licensed physicians, but have no meaningful connection to Arizona. (Doc 65-3; Doc. 75-2.)   Both submitted affidavits that they have never resided in Arizona, leased or owned property there, owned any interest in an Arizona business or enterprise, contracted with an Arizona enterprise, advertised in Arizona, or sued or been sued in Arizona.  (Doc 65-3; Doc. 75-2.)   They both attest that to their knowledge they have "no contacts or ties to Arizona whatsoever." (Doc 65-3 ¶ 16; Doc. 75-2 ¶ 15.)

Plaintiffs have not challenged these facts.  Instead Plaintiffs have put forth a theory that the Kansas Defendants' negligent treatment of Mr. Bennett in Kansas "caused Bradley Bennett to suffer medical malpractice, not just damages, in Arizona as well as Kansas." (Doc. 74, at 4.)   Plaintiffs fail to explain how Defendants would have been aware of any connection between Mr. Bennett and Arizona, especially when Mr. Bennett is a citizen of Minnesota.  But, even accepting the complaint's allegation as true, which in the presence of controverting affidavits the Court cannot, it does not follow that the Kansas Defendants' actions in treating Mr. Bennett in Kansas were in any way "purposefully directed" at Arizona. *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218.

Several Ninth Circuit cases have affirmed dismissals for lack of personal jurisdiction over a treating physician in a forum to which the physician's only substantial connection was the occurrence of some or all of the plaintiff's injuries.   For example, in *Wright v. Yackley* 459 F.2d 287 (9th Cir. 1972) the Ninth Circuit upheld a finding of no personal jurisdiction when a treating physician's only contact with the forum state was a phone call follow-up on services rendered in the physician's own state.   The court reasoned that "[m]edical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what

1 distant lands he may be called upon to defend it." (*Id*. at 290.) *See also, Harrison v.*
2 *Butler*, 1997 U.S. App. LEXIS 33662 (9th Cir. Ariz. Nov. 24, 1997) (finding insufficient
3 contacts between the treating physician and the forum state to create specific personal
4 jurisdiction when only contact with state was a phone call to arrange an appointment).
5 That Plaintiffs later suffered injury in Arizona as result of the negligent treatment in
6 Kansas is legally insufficient to allow Plaintiffs to make the Kansas Defendants defend
7 themselves in Arizona. The fact that later injury occurred in Arizona is precisely the type
8 of "random, fortuitous, or attenuated contacts" with Arizona that cannot provide the basis
9 for personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

10 Plaintiffs have not presented any cases that have interpreted specific personal
11 jurisdiction as broadly as they would like this court to, and instead have only pointed out
12 differences between the cases striking down personal jurisdiction and the present case.
13 (Doc. 74 at 4-5.) However, none of those differences point to any substantial contacts in
14 the present case between the Kansas Defendants and the forum state of Arizona.
15 Plaintiffs do not cite persuasively to any case that suggests that personal jurisdiction over
16 a health care defendant extends as broadly as they suggest.

## CONCLUSION

18 Personal jurisdiction must have some outward limits in order to "allow[] potential
19 defendants to structure their primary conduct with some minimum assurance as to where
20 that conduct will and will not render them liable to suit." *Burger King Corp. v.*
21 *Rudzewicz*, 471 U.S. 462, 472 (1985). The baseline limit for personal jurisdiction is
22 meaningful "contacts, ties or relations" between the forum state and the defendants. *Int'l*
23 *Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). There are no meaningful contacts in
24 this case between the forum state, Arizona, and the Kansas Defendants sufficient to
25 confer personal jurisdiction over the Kansas Defendants.

26 **IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants Pratt
27 Regional Medical Center Corporation ("PRMC"), Pratt Internal Medicine Group, P.A.
28

("PIMG"), United Radiology Group, Chartered ("URG"), Daniel J. Suiter, M.D., and William R. Allen, Jr., M.D., (Doc. 65) is **GRANTED,** and those parties are dismissed.

Dated this 15th day of November, 2013.

*A. Murray Snow*
/G. Murray Snow
United States District Judge